**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Zachary V. Miller, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2009-122127

Appeal From Greenville County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2012-UP-436
Heard April 11, 2012 – Filed July 18, 2012

**REVERSED and REMANDED**

Kirby R. Mitchell and Michael S. Gambrell, of South Carolina Legal Services, of Greenville, for Petitioner.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General T. Stephen Lynch, and Assistant Attorney General Adam L. Whitsett, all of Columbia, for Respondent.

**PER CURIAM**: Zachary Miller (Miller) appeals the circuit court's order granting the State's motion to dismiss his declaratory judgment action, arguing the circuit court erred in (1) finding the State was not properly served; (2) finding Miller failed to state a claim upon which relief could be granted; (3) removing the Attorney General as a party from the case; and (4) concluding Miller's claim should be raised to the Administrative Law Court (ALC). We reverse and remand pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to Miller's right to a hearing, which was requested by both parties, on his constitutional challenge: *See Dangerfield v. State*, 376 S.C. 176, 179, 656 S.E.2d 352, 353-54 (2008) ("Due process considerations apply in contested cases or hearings which affect an individual's property or liberty interests as contemplated by the federal and state constitutions. The procedural component of the state and federal due process clauses requires the individual whose property or liberty interests are affected to have received adequate notice of the proceeding, *the opportunity to be heard in person*, the opportunity to introduce evidence, the right to confront and cross-examine adverse witnesses, and the right to meaningful judicial review.") (internal citations omitted) (emphasis added); *see also State ex rel. McLeod v. Brown*, 278 S.C. 281, 284, 294 S.E.2d 781, 782 (1982) ("We believe that an order substantially affecting a party's rights should not be made in a case without notice to the party prejudiced by it and *an opportunity to be heard*.") (emphasis added).

2. Because we reverse the circuit court's order of dismissal for failure to conduct a hearing, we need not reach the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**REVERSED and REMANDED**.

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**